# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT ANTHONY TORRES,<br><br>                             Petitioner,<br><br>v.<br><br>LARIOS, Correctional Officer, et al.,<br><br>                             Respondents. | Case No.: 3:20-cv-0749-GPC-WVG<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### FAILURE TO SATISFY THE FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice.  See Rule 3(a), 28 U.S.C. foll. § 2254.

### FAILURE TO STATE A COGNIZABLE CLAIM ON FEDERAL HABEAS

In addition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents.  In the Petition, Petitioner claims that correctional officers used excessive force on him while he was in prison. (Pet., ECF No. 1 at 5.)  Petitioner's claims are not cognizable on

habeas because it they do not challenge the constitutional validity or duration of confinement.  *See* 28 U.S.C. 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994); *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016).

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; *Nettles*, 830 F.3d at 935.  When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 500; *Nettles*, 830 F.3d at 935.  On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life or constitutional challenges to his arrest, but not to the fact or length of his custody.  *Preiser*, 411 U.S. at 500; *Nettles*, 830 F.3d at 935.  It appears that Petitioner does not seek to challenge the fact or length of his custody.  Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

## CONCLUSION

Because it appears that Petitioner does not seek to challenge the validity of his state court conviction, the Court **DISMISSES** the Petition without prejudice and with leave to amend.  If Petitioner wishes to challenge the conditions of his prison life, he must file a civil complaint pursuant to 42 U.S.C. 1983 which will be given a separate case number. ***The Clerk of Court is directed to mail Petitioner a blank motion to proceed in forma pauperis form and a blank Civil Complaint form pursuant to 42 U.S.C. § 1983 together with a copy of this Order.***

**IT IS SO ORDERED.**

Dated:  April 21, 2020

Hon. Gonzalo P. Curiel
United States District Judge